IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, DEPARTMENT OF NATURAL RESOURCES & ENVIRONMENTAL CONTROL, | § § § § § | No. 212, 2020 |
| | § | Court Below—Superior Court |
| Third Party Petitioner Below, Appellant, | § § | of the State of Delaware |
| | § | C.A. No. S18C-06-009 |
| v. | § § | |
| GARY and ANNA-MARIE CUPPELS, | § § § | |
| | § | |
| Plaintiffs Below, Appellee. | § § | |

Submitted: July 17, 2020
Decided: July 28, 2020

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice of interlocutory appeal and the supplemental notice of interlocutory appeal, it appears to the Court that:

(1) The appellant-third party petitioner below, the State of Delaware, Department of Natural Resources & Environmental Control ("DNREC"), has petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a Superior Court opinion and order, dated April 14, 2020, denying its motion

to quash subpoenas served by the plaintiffs below-appellees, Gary and Anna-Marie Cuppels.[1]

(2)   This is one of several cases arising from defendant below-appellee Mountaire Farms of Delaware, Inc.'s ("Mountaire Delaware") disposal of waste at its poultry processing plant in Millsboro.  In this class-action lawsuit, the Cuppels allege that they suffered property damage and personal injuries as a result of Mountaire Delaware's improper and unlawful waste disposal.  The Cuppels have asserted tort claims against Mountaire Delaware, Mountaire Corporation, and Mountaire Farms Inc. (collectively "Mountaire").

(3)   The other cases were filed by DNREC.  In *DNREC v. Mountaire Farms of Delaware, Inc.*, C.A. No. 18-838 (D. Del.) ("Federal DNREC Action"), DNREC alleged that Mountaire Delaware violated federal environmental laws in its disposal of waste.  DNREC informed the District Court in late 2019 that DNREC and Mountaire had executed a settlement agreement and filed the agreement for entry as a consent decree.  The Cuppels, who were permitted to intervene in the Federal DNREC Action, object to the proposed consent decree.

(4)   In *DNREC v. Mountaire Farms of Delaware, Inc.*, C.A. No. S18M-06-002 ("State DNREC Action"), DNREC alleged that Mountaire Delaware violated State environmental laws and permits in its disposal of waste.  DNREC filed a

---

[1] *Cuppels v. Mountaire Corp.*, 2020 WL 1866867 (Del. Super. Ct. Apr. 14, 2020).

2

consent decree with the complaint. The Cuppels moved to intervene in the State DNREC Action, but the Superior Court stayed that case pending resolution of the Federal DNREC Action without deciding the motion to intervene.[2]

(5) In the course of this litigation, the Cuppels served a subpoena upon DNREC for all documents from July 1, 2017 to the present, in the possession or control of five DNREC employees, that related to the Millsboro plant's wastewater, sludge facilities, groundwater, and nearby wells. The Cuppels also served subpoenas for depositions of the five DNREC employees named in the document subpoena.

(6) DNREC filed motions to quash the subpoenas or in the alternative for a protective order. In the motions, DNREC argued that: (i) it had already produced many documents from before July 1, 2017 in response to requests that the Cuppels made under the Delaware Freedom of Information Act ("FOIA"), 29 *Del. C.* § 10001 *et seq.*; (ii) the subpoenas sought investigatory files and information protected from disclosure by § 10002(l)(3) and D.R.E. 508(b); (iii) it should not be compelled to produce information protected by the attorney-client privilege, work product doctrine, or D.R.E. 408; and (iv) the subpoena was unduly burdensome to DNREC. The Cuppels opposed the motions.

---

[2] This Court refused DNREC's interlocutory appeal of the Superior Court order staying the State DNREC Action. *Dep't of Nat. Res. & Envtl. Control v. Mountaire Farms of Del., Inc.*, 2019 WL 2323906 (Del. May 31, 2019).

3

(7)    The Superior Court held a hearing on the motions to quash on April 8, 2020.  At the conclusion of the hearing, the Superior Court denied the motions.  On April 14, 2020, the Superior Court issued an opinion further explaining its reasoning for the denial of the motions.[3]

(8)    As to DNREC's objection based on the FOIA exemption for investigatory files under 29 *Del. C.* § 10002(l)(3) and government privileges under D.R.E. 508, the Superior Court noted that a similar argument was rejected in *State Dep't of Transportation v. Figg Bridge Engineers, Inc.*[4] and found that the argument was contrary to the DNREC's broad disclosure requirements to the public under 7 *Del. C.* § 6014.[5]  The Superior Court recognized that D.R.E. 408 protects settlement discussions from admission at trial, but also stated that D.R.E. 408 does not prohibit discovery of such discussions.[6]  In the absence of a privilege log, the Superior Court was unwilling to address the attorney-client privilege and work-product claims, but encouraged the parties to bring any specific issues to the court's attention in the future.[7]  Again relying on § 6014, the Superior Court rejected DNREC's undue-burden argument.[8]

---

[3] *Cuppels*, 2020 WL 1866867, at *1.
[4] 79 A.3d 259 (Del. Super. Ct. 2013).
[5] *Cuppels*, 2020 WL 1866867, at *1-2.
[6] *Id.* at *2.
[7] *Id.*
[8] *Id.*

(9)     On June 29, 2020,[9] DNREC filed an application for certification of an interlocutory appeal.  Mountaire supported the application.  The Cuppels opposed the application.  On July 14, 2020, the Superior Court denied the application for certification.[10]

(10)    In denying the application for certification, the Superior Court questioned whether a non-party may pursue an interlocutory appeal, but proceeded to consider the Rule 42 criteria.[11]  The Superior Court acknowledged that the discoverability of the subpoenaed information was an important and substantial issue to DNREC, but expressed concern that appellate review would unduly delay the litigation to the detriment of the parties.[12]  As to the Rule 42(b)(iii) criteria, the Superior Court found that the interlocutory order raised an issue of first impression (Rule 42(b)(iii)(A)) and related to the construction of a statute (Rule 42(b)(iii)(C)), which weighed in favor of interlocutory review.[13]  The Superior Court found that review of the interlocutory order would not terminate the litigation (Rule

---

[9] Under Supreme Court Rule 42, an application for certification of an interlocutory appeal must be filed within ten days of the entry of the interlocutory order and the notice of appeal must be filed in this Court within thirty days of the entry of the interlocutory order.  Supr. Ct. 42(c)(i), (d)(i).  Rule deadlines were extended under the judicial emergency declared by the Chief Justice in response to the COVID-19 pandemic.  Administrative Order No. 7 ¶ 7 (Del. June 5, 2020) (extending deadlines that expired between March 23, 2020 and June 30, 2020 through July 1, 2020), available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf.

[10] *Cuppels v. Mountaire Corp.*, 2020 WL 4036221 (Del. Super. Ct. July 14, 2020).

[11] *Id.* at *1-2.

[12] *Id.* at *3.

[13] *Id.* at *3.

5

42(b)(iii)(G)) or serve considerations of justice (Rule 42(b)(iii)(H)), which weighed against interlocutory review.[14] After considering these criteria, the Superior Court concluded that interlocutory review was not in the interests of justice because it would result in substantial and serious delay for the parties to the litigation.[15]

(11) Applications for interlocutory review are addressed to the sound discretion of the Court.[16] Even assuming a non-party may pursue an interlocutory appeal, this Court has concluded that the application for interlocutory review does not meet the strict standards for certification under Supreme Court Rule 42(b). Exceptional circumstances that would merit interlocutory review of the Superior Court's interlocutory opinion do not exist in this case,[17] and the potential benefits of interlocutory review do not outweigh the inefficiency, disruption, and probable costs caused by an interlocutory appeal.[18]

---

[14] *Id.* at *4.
[15] *Id.* at *4-5.
[16] Supr. Ct. R. 42(d)(v).
[17] Supr. Ct. R. 42(b)(ii).
[18] Supr. Ct. R. 42(b)(iii).

NOW, THEREFORE, IT IS ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice